WALTON v. GALLBRAITH

AUTOMOBILES—NEGLIGENCE—CAUSATION—DAMAGES—EVIDENCE.

> Trial court's acceptance in evidence of medical bills for treatment of pains and discomfort of plaintiff injured in an accident while riding in defendants' taxi *held* proper even in the absence of expert testimony that the accident caused the injury, where there was evidence that plaintiff did not suffer trouble of this kind until the day after the accident; this is sufficient to establish causation.

Appeal from Common Pleas Court of Detroit, Kent (George D.), J. Submitted Division 1 December 12, 1968, at Detroit. (Docket No. 4,557.) Decided January 27, 1969.

Complaint by Rachel Ploshnick Walton against George G. Gallbraith and Mark Tucker for injuries suffered in a collision while plaintiff was a passenger in defendants' taxi. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*C. Robert Wartell,* for plaintiff.

*James A. Sullivan,* for defendants.

PER CURIAM. Plaintiff was returning from a checkup at Ford Hospital on October 14, 1965, which

REFERENCE FOR POINTS IN HEADNOTE

8 Am Jur 2d, Automobiles and Highway Traffic § 981 *et seq.*

followed a miscarriage on September 28. She hailed defendant Gallbraith's cab, owned by defendant Tucker, for the trip home.

The cab became tied up in traffic and defendant Gallbraith attempted to back up, hitting a vehicle to the rear, resulting in injuries creating pains and discomfort in the area of plaintiff's neck, shoulders and back. Suit was started in the common pleas court of Detroit claiming damages for the injury.

Counsel for defendants objected to the admission into evidence of bills for medicine and treatment on the ground that there was no showing that they were causally connected with the October 14 accident. The motion was denied. No physician testified at the trial.

Another objection was interposed just before the jury was to be instructed, again asking exclusion on the ground that there was no testimony to connect the bills causally to the injury. The motion was again denied. Verdict for plaintiff was rendered in the amount of $3,500.

Defendant claims error in the introduction of the bills and plaintiff alleges that a causal connection between the accident and injury may be shown without expert testimony and, further, that causation is a matter to be submitted to the jury.

A brief review of the function of a jury leads us to the conclusion that plaintiff's position is the correct one. Her testimony emphasizes the facts that there were no previous neck or back pains and that they began on the day after the accident.

In a situation such as this, it should be clear to men of common experience that the *cause* of the injuries was the accident and no expert was needed to demonstrate this fact. Once causation was established, the evaluation of the necessity and reason-

ableness of the bills was within the province of the jury.

A complete examination of the record and briefs discloses no prejudicial error.

Affirmed.  Costs to appellee.

McGREGOR, P. J., and FITZGERALD and CYNAR, JJ., concurred.