## BURANDT, *Appellant,*
### *v.*
## CLARKE et al, *Respondents.*

547 P2d 89

*Gerald J. Scannell, Jr.,* Ashland, argued the cause for appellant. With him on the brief were Scannell & Drescher and Allen G. Drescher, Ashland.

*Thomas D. Melum,* Medford, argued the cause for

[ 521 ]

respondents. With him on the brief were Frohnmayer & Deatherage and William V. Deatherage, Medford.

DENECKE, J.

**DENECKE, J.**

The plaintiff was "rear ended" by one of the defendants. She represented herself at trial and failed to call any medical witnesses to testify that the injuries for which she is claiming damages were caused by the collision. The trial court granted defendants' motion for a directed verdict on the ground that there was no evidence connecting her claimed injuries with the collision. The only issue is whether there was any competent evidence that any of plaintiff's claimed injuries were caused by the collision. We hold there was and we reverse.

■ As defendants concede, medical testimony of causation between collision and injury is not essential if there is an "uncomplicated situation." The cause of many of the injuries claimed by plaintiff was confused because of injuries received in a previous accident. However, that was not true of the cause of other injuries claimed.

■ Plaintiff alleged she suffered a cerebral concussion from the collision. Plaintiff testified the collision pushed the seat in which she was riding "way back." She testified she was "stunned." "I was stunned for two days after I got that * * *. I don't know what happened to me. So, because I was so numb and that * * * I don't even remember who took me home * * *."

Cerebral concussion is "a disturbance of consciousness." This state "may vary from a total loss of consciousness, to semiconsciousness or stupor, confusion, and a dazed or 'stunned' state." In a mild concussion it is accompanied by amnesia. The victim "is momentarily dazed or stunned, with some confusion or fuzziness of thinking for a brief period * * *." 3A Gray, Attorneys' Textbook of Medicine (3d ed) §§ 90.12-90.15.

The jury could find from plaintiff's testimony that the collision caused plaintiff to suffer a concussion.

■ She also alleged she suffered "nervous shock * * *

[ 523 ]

and generalized pain at all points of injury * * *." She testified: "* * * [T]he first couple of days [after the collision] I was so, so numb and stunned with pain, and I didn't, couldn't feel nothing, and then in fact I was in shock, serious shock. That blow to me in the back was such a blow, and, you know, it would have been a terrible blow to shove your seat way back * * *." This is competent evidence which would support a jury finding that the collision caused plaintiff to suffer shock and pain.

Reversed and remanded.