ALICE J. ENO, APPELLEE, V. BRIAN R. WATKINS AND RICHARD SCOTT, APPELLANTS.

429 N.W.2d 371

Filed September 23, 1988. No. 86-993.

Paula J. Metcalf, of Knudsen, Berkheimer, Richardson & Endacott, for appellants.

Robert R. Gibson, of Professional Legal Associates of Nebraska, P.C., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This was an action for legal malpractice brought by the plaintiff, Alice J. Eno, against Brian R. Watkins individually and Watkins, Richard Osborne, Richard Scott, and Steven D. Keist, doing business as Watkins, Osborne, Scott & Keist. A summary judgment in favor of Keist was entered on May 5, 1986, and the plaintiff dismissed the action as to Osborne on September 8, 1986.

The matter was tried to a jury, which returned a verdict in favor of the plaintiff in the amount of $65,000 "plus attorney fees." The defendants, Watkins and Scott, have appealed.

The plaintiff was involved in an automobile accident on June 25, 1976, when an automobile operated by Wyonna J. Neff collided with the rear of the automobile which the plaintiff was driving. As a result of the accident, the plaintiff claimed, she was injured and sustained multiple contusions, a strain to her cervical spine, and traumatic arthritis in her cervical spine. She also claimed that she suffered "great, intense and severe physical pain, intense mental shock, agony and anguish." She claimed special damages in the amounts of $739.22 for medical services and $250 for repairs to her automobile.

Apparently, Neff was insured, and the plaintiff negotiated with an adjuster but was unable to complete a settlement. On about June 1, 1980, the plaintiff hired the defendant Watkins to file a petition in the district court and obtain service upon Neff so that the court would obtain jurisdiction and the statute of limitations would not bar the plaintiff's action. It is undisputed that the defendant Watkins was hired only to prepare and file a

petition and obtain service on Neff. A petition was filed on June 6, 1980, and a summons was issued and personally served on Neff on June 11, 1980.

On July 1, 1980, Neff filed a special appearance. Watkins then had the special appearance set for hearing, and it was overruled on August 1, 1980. Watkins made no further appearance in the district court.

Neff answered on August 4, 1980. On September 30, 1981, the plaintiff was ordered to show cause on or before November 4 why the case should not be dismissed for want of prosecution. Apparently, no cause was shown, and the action was dismissed on November 5, 1981.

Watkins received postcard notices concerning the show-cause order and the dismissal and testified that he mailed both of them to the plaintiff. The plaintiff claims that she did not receive either postcard.

This action was commenced on October 3, 1984, to recover damages the plaintiff alleged she sustained as a result of her action against Neff's being dismissed.

In an action such as this, the plaintiff has the burden of proving that she would have been successful in obtaining and collecting a judgment against Neff and that she was prevented from doing so by the negligence of the defendants. Since the plaintiff's damages depend upon proof of the amount that she would have recovered and collected from Neff, the practical result is that the plaintiff must try both her lawsuit against Neff and her case against the defendants.

> In a legal malpractice action, the general measure of damages is "the amount of loss actually sustained as a proximate result of the conduct of the attorney." . . .
>
> . . . .
>
> . . . As the general measure is the loss "actually sustained," when the loss arises from negligently prosecuting a prior case the client has the burden of proving not only the amount of the judgment he would have obtained but for the negligence, but also what he would have collected. If the solvency of the prior defendant is known beyond question—for example, a tort claim against the state or an insurance claim within policy

limits—a court may hold without other proof that the entire judgment would have been collectible. But if the prior defendant was an individual or other entity whose solvency is not known beyond question, the client must introduce substantial evidence from which a jury could reasonably find that a prior judgment would have been collectible in full, or could reasonably find the portion of the judgment which would have been collectible. In ·malpractice cases of this sort the client is limited in any event to the amount which could have been collectible.

(Emphasis omitted.) (Citations omitted.) *Pickens, Barnes & Abernathy v. Heasley*, 328 N.W.2d 524, 525-26 (Iowa 1983). See, also, *Stansbery v. Schroeder*, 226 Neb. 492, 412 N.W.2d 447 (1987).

One of the defendants' principal assignments of error is that the plaintiff failed to prove that she sustained any injuries as a proximate result of the automobile collision on June 25, 1976. The only evidence offered by the plaintiff in regard to her alleged injuries was her testimony that she suffered from headaches and backaches after the accident. The plaintiff offered no expert medical testimony.

The plaintiff's alleged injuries were subjective in nature. Before a plaintiff can recover damages for such injuries, there must be expert medical testimony to establish causation and the extent and nature of the injuries.

As we stated in *Eiting v. Godding*, 191 Neb. 88, 91-92, 214 N.W.2d 241, 244 (1974):

Where the claimed injuries are of such a character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science. Such a question must necessarily be determined from the testimony of skilled professional persons and cannot be determined from the testimony of unskilled witnesses having no scientific knowledge of such injuries. . . . When symptoms from which personal injury may be inferred are subjective only, medical testimony is required. . . . There was no medical evidence to support the required causal connection here. The evidence is therefore insufficient to establish that the personal injuries alleged to have been

suffered by the plaintiff were caused by the accident. . . . (Citations omitted.)

The absence of any medical testimony to establish the extent and nature of the plaintiff's alleged injuries and that they were proximately caused by the accident of June 25, 1976, prevents the plaintiff from making any recovery in this case.

It is unnecessary to consider the other assignments of error.

The judgment is reversed and the cause remanded with directions to dismiss the petition of the plaintiff.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.