Jun E. CHOI, Appellant,

v.

Gloria ANVIL, Hazel Akerelrea, Elena
Alexie, Edna Angaiak, Rita Angaiak,
and Anna Westdahl, Appellees.

No. S–9550.

Supreme Court of Alaska.

Sept. 7, 2001.

Rehearing Denied Oct. 10, 2001.

R.N. Sutliff, Anchorage, and Laurence Keyes, Hughes, Thorsness, Powell, Huddleston & Bauman, LLC, Anchorage, for Appellant.

Leonard R. Devaney III, Law Offices of Leonard Devaney, Nome, for Appellee Alexie.

John S. Hedland and Amy L. Vaudreuil, Hedland, Brennan, Heideman & Cooke, Anchorage, for Appellees Anvil, Akerelrea, Angaiak, and Westdahl.

Before FABE, Chief Justice, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

· BRYNER, Justice.

## I. INTRODUCTION

Jun E. Choi rear-ended another car with his taxi cab. Plaintiffs injured in the collision sued Choi to recover their damages and prevailed following a jury trial. Choi appeals, contending that the plaintiffs' failure to present expert testimony on causation and damages required the trial court to enter a directed verdict in his favor. We affirm, concluding that the plaintiffs were not required to present expert testimony to establish their claims.

## II. FACTS AND PROCEEDINGS

Jun Choi, a taxi cab driver for Quyana Cab in Bethel, was driving a cab with three passengers when he rear-ended a pick-up truck driven by Gloria Anvil. Anvil also had three passengers in her pick-up. The road was icy, and Choi was unable to stop.

No one sustained visible physical injuries in the collision or sought medical attention immediately afterward. Everyone except Choi and Anvil left the scene before Officer Jerry Evan arrived to investigate the accident. Although three of the plaintiffs consulted physicians or health aides about pain they experienced after the accident, apparently none of their injuries required any specific medical treatment between the time of the accident and the trial.

Choi's three passengers, Anvil, and two of her passengers filed suit for injuries allegedly suffered in the accident. In his answer, Choi admitted that he negligently caused the collision. Superior Court Judge Dale O. Curda conducted a two-day jury trial on the issues of causation and damages, with all evidence and witness testimony occurring the first day.

In their trial testimony, the plaintiffs complained of various ailments like back, neck, and arm pain. None of the plaintiffs provided any expert testimony or otherwise offered any evidence beyond their own testimony to establish the causation, permanence, or extent of their alleged injuries. Only four other witnesses testified at trial: Officer Evan; Choi, by videotaped deposition; Cezary Maczynski, a mechanic who testified that Choi did not ask him for an estimate on the damages to the cab; and Gemma Akerelrea, a community health practitioner in Scammon Bay who testified briefly by telephone that plaintiff Hazel Akerelrea, her sister-in-law, complained of pain after the accident.

At the close of Anvil's case, Choi moved for a directed verdict. The court initially denied the motion, but later granted it with respect to future damages. The jury returned substantial verdicts in favor of the plaintiffs. Choi appeals, raising a single issue—that the

plaintiffs were required as a matter of law to present expert evidence to establish causation of their "subjective injuries."

## III. *DISCUSSION* [1]

 Choi urges us to adopt a rule that would require expert testimony to establish causation of "subjective injuries" in personal injury actions.[2] Citing several Nebraska Supreme Court cases, Choi argues that his proposed rule is justified because "[s]ubjective injuries require a lay person to speculate as to the existence and cause of [an] injury." [3] We decline to adopt such a rule.

 Our case law requires expert testimony only when the nature or character of a person's injuries require the special skill of an expert to help present the evidence to the trier of fact in a comprehensible format.[4] In *Houger v. Houger*, we considered an argument that an expert was necessary to establish that an injured worker was medically unfit for work.[5] We rejected that argument, noting that "there are numerous ... matters involving health and bodily soundness, not exclusively within the domain of medical science, upon which the ordinary experience of everyday life is entirely sufficient." [6] We have since affirmed this principle and "re-

quire[d] expert medical testimony to establish a causal connection only where there is no reasonably apparent (as distinguished from obvious) causal relationship between the event demonstrated and the result sought to be proved." [7]

Choi's proposed Nebraska rule posits that all subjective injuries "are of such a character as to require skilled and professional persons to determine the cause." [8] But the Nebraska courts' characterization of subjective injuries fails to give credit to the life experiences of jurors and judges as triers of fact.

 The record in this case demonstrates the adequacy of lay testimony to establish causation and damages of subjective injuries in typical cases. The plaintiffs testified that the collision caused their bodies to jerk, fly forward, or violently strike their seats. Hazel Akerelrea, for example, testified that the impact caused her head to go "way back, just like somebody just hit her and just pushed her head back. And the impact on the [car seat] was really, really hard." The plaintiffs also testified that the accident caused them physical pain: various plaintiffs described pain in their necks, shoulders, arms, and

1. When reviewing the denial of a directed verdict, we "determine whether the evidence, when viewed in the light most favorable to the non-moving party, is such that reasonable [persons] could not differ in their judgment.... [I]f there is room for diversity of opinion among reasonable people, the question is one for the jury." *Petersen v. Mutual Life Ins. Co.*, 803 P.2d 406, 410 (Alaska 1990). We review questions of law de novo adopting "the rule of law that is the most persuasive in the light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

2. We use the term "subjective injury" to track Choi's argument and to reflect the use of that term in the cases cited by Choi. A subjective injury, according to Choi, is one where there is no observable symptom such as bleeding, swelling, or bruising, but only non-observable symptoms like pain and loss of strength.

3. Choi's brief cites *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999), *Eno v. Watkins*, 229 Neb. 855, 429 N.W.2d 371 (1988), and *Eiting v. Godding*, 191 Neb. 88, 214 N.W.2d 241 (1974). At oral argument, Choi retreated from the position that all subjective injuries require expert testimony, opting instead for the argument that some subjective injuries can be proved using only

lay testimony, but that an upper monetary limit should define the class of injuries provable without expert testimony. Because Choi did not brief this proposed rule and did not specify the proposed monetary limit that would trigger it, we do not address this proposal separately. *See Gates v. City of Tenakee Springs*, 822 P.2d 455, 460–61 (Alaska 1991) (noting that this court will not consider new theories on appeal).

4. *See Houger v. Houger*, 449 P.2d 766, 769 (Alaska 1969); *see also* Alaska Rule of Evidence 702(a).

5. *See* 449 P.2d at 769.

6. *Id.* (citing 2 John H. Wigmore, *Evidence* § 568(1), at 660 (3d ed.1940)). The 1979 revision of Professor Wigmore's treatise cites numerous cases in which courts have found plaintiffs' and other lay witnesses' testimony to be competent regarding various illnesses and injuries. *See* 2 Wigmore, *Evidence* § 568(1), at 780–83 (Chadbourn rev.1979).

7. *Jakoski v. Holland*, 520 P.2d 569, 575 (Alaska 1974).

8. *Eiting*, 214 N.W.2d at 244.

**4** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

backs. Finally, the plaintiffs testified that the accident has caused them to suffer anxiety associated with driving, intersections, and taxi cabs.

 This lay testimony, based on personal observation, described a situation easily understood by a jury: a rear-end automobile collision causing relatively common injuries.[9] These injuries manifested symptoms like pain, stiffness, and loss of strength. Although a medical expert might have more precisely described the relationship between the impact and the effects described by the plaintiffs, the jury, using everyday experience, could readily find a causal relationship without this expert assistance.[10] The jury could also find that the injuries resulted in compensable damages.[11] Because the causation and injuries were reasonably related to the impact between the automobiles, there was no need for an expert.[12]

In short, where alleged injuries—including purely subjective injuries—are of a common nature and arise from a readily identifiable cause, there is no need for the injured party to produce expert testimony. Requiring expert testimony in all such cases would needlessly increase the cost of litigation, discourage injured persons from bringing small but legitimate claims, and also burden defendants, who might feel compelled to hire their own experts in response.

## IV. CONCLUSION

The judgment of the superior court is AFFIRMED.

MATTHEWS, Justice, not participating.

---

9. See, e.g., Roling v. Daily, 596 N.W.2d 72, 74–75 (Iowa 1999); Walton v. Gallbraith, 15 Mich.App. 490, 166 N.W.2d 605, 606 (1969); Burandt v. Clarke, 274 Or. 521, 547 P.2d 89, 89–90 (1976).

10. Choi's argument that the plaintiffs' actions in leaving the scene of the accident without seeking medical treatment were inconsistent with their claims of injury properly goes to the weight of the plaintiffs' testimony, not to its admissibility or its legal sufficiency. See, e.g., Roling, 596 N.W.2d at 74 (truck driver involved in "horrific" accident initially refused medical treatment at scene although subsequent examination showed broken bones, substantial bruising, and other injuries); Eiting, 214 N.W.2d at 242 (pain developed "[t]wo or three days after the [automobile] accident").

11. Choi does not appeal the amount of damages awarded by the jury; he contends only that the plaintiffs failed to prove the existence of damages.

12. See Jakoski, 520 P.2d at 575.