United States Court of Appeals

For the Eighth Circuit

_____

No. 22-3335
_____

J.T. Johnson, Jr.

*Plaintiff - Appellant*

v.

Jenna R. Friesen

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: June 15, 2023
Filed: August 18, 2023
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

J.T. Johnson brought this diversity action in the District of Nebraska against Jenna Friesen, seeking damages for losses allegedly caused by an auto accident in 2015. Friesen's Answer admitted that her negligence was the proximate cause of the accident. After protracted discovery disputes over expert witness disclosures, the district court excluded all of Johnson's numerous treating physician witnesses for

failure to comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. When a plaintiff's disclosures are insufficient under Rule 26(a)(2), a witness may be excluded at trial. Rule 37(c)(1); see Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 702 (8th Cir. 2018).

Under Nebraska law, "[w]hen symptoms from which personal injury may be inferred are subjective only, medical testimony is required . . . to support the required causal connection." Eiting v. Godding, 214 N.W.2d 241, 244 (Neb. 1974). Here, the excluded experts included neurosurgeon Harold Hess, the only treating physician who would offer an opinion on causation. With Dr. Hess's testimony excluded, the district court[1] granted Friesen's motion for summary judgment and dismissed Johnson's complaint with prejudice. Johnson appeals, raising several issues. The controlling issue, and therefore the only one we need address, is whether the district court erred in excluding Dr. Hess's expert testimony because Hess's causation opinion was not "formed during the course of treatment," and Johnson had not submitted the written expert report required by Rule 26(a)(2)(B). We affirm.

## I. Background

Johnson's damage claims are that, as a result of the accident negligently caused by Friesen, he suffers from multiple medical conditions, most critically, chronic lower back pain that requires a pain stimulator. The conditions include post-traumatic stress disorder, multiple sclerosis, neck pain, and back pain.

In September 2020 Johnson served and filed the Expert Disclosures required by Rule 26(a)(2). He listed as potential expert witnesses thirteen health care providers who had provided treatment and would testify to Johnson's injuries but who

---

[1]The Honorable Brian C. Buescher, United Stated District Judge for the District of Nebraska.

were not retained to provide expert testimony.[2] The Disclosures identified each doctor's specialty and the treatment provided and stated that "testimony of treatment will follow [the provider's] medical records . . . all of which have been provided to the Defendant, along with "bills for . . . treatment and services prescribed." Amended disclosures added treating physicians as discovery proceeded but were never more detailed. In one amendment, Johnson provided a letter from Dr. Hess to Johnson's attorney in which Dr. Hess opined, "within a reasonable degree of medical certainty," that Johnson suffered a low back injury "as a result of the motor vehicle accident" with Friesen.

At the end of discovery, Friesen moved to exclude or limit expert witness testimony by Johnson's treating physician experts for failing to comply with the disclosure requirements of Rule 26(a)(2). The district court agreed the "bare-bones" disclosures did not provide enough guidance how Johnson planned to use the experts' testimony but granted Johnson fourteen days to provide disclosures that complied with Rule 26(a)(2)(C).[3] Johnson timely filed updated disclosures. Friesen again moved to exclude or limit Johnson's expert witness testimony because the amended disclosures were insufficient.

---

[2]Johnson disclosed one retained expert. The district court excluded him under Rule 702 of the Federal Rules of Evidence, a ruling not at issue on appeal.

[3]Fed. R. Civ. P. 26(a)(2)(C) provides:

**(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Regarding Dr. Hess, the expert who would offer an opinion on causation, the district court concluded his disclosure would comply with Rule 26(a)(2)(C). However, the more stringent disclosure requirements of Rule 26(a)(2)(B)[4] apply because Dr. Hess "will testify about matters outside the realm of treatment such as causation." Gruttemeyer v. Transit Auth., 31 F.4th 638, 643 (8th Cir. 2022); accord Morris v. Bland, 666 F. App'x 233, 239 (4th Cir. 2016); Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817, 824-26 (9th Cir. 2011); Meyers v. Nat'l R.R. Passenger Corp. (Amtrak), 619 F.3d 729, 734–35 (7th Cir. 2010). Therefore, the court excluded Dr. Hess's expert testimony because Dr. Hess formed his causation opinion responding to the request of Johnson's attorney, Johnson failed to submit a Rule 26(a)(2)(B) written report, and Dr. Hess's letter to Johnson's attorney "is insufficient to satisfy Rule 26(a)(2)(B)'s requirements." Johnson v. Friesen, No. 8:19-CV-322, 2022 WL 3108087 (D. Neb. Aug. 4, 2022).

---

[4]Fed. R. Civ. P. 26(a)(2)(B) requires retained experts to submit written reports:

**(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, [the Rule 26(s)(2)] disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

The district court then granted Friesen's motion for summary judgment because Nebraska law requires Johnson to present expert testimony to establish causation. Johnson v. Friesen, 2022 WL 5255314 (D. Neb. Oct. 6, 2022).[5] This appeal followed.

**II. Discussion**

Johnson argues the district court erred in classifying Dr. Hess as an expert who must file a written report under Rule 26(a)(2)(B) and excluding his expert testimony even though Johnson filed an adequate Rule 26(a)(2)(C) disclosure. We review the district court's decision to admit or exclude expert testimony for abuse of discretion. See Boehm v. Eli Lilly & Co., 747 F.3d 501, 507 (8th Cir. 2014). "A district court enjoys wide discretion in ruling on the admissibility of proffered evidence, and evidentiary rulings should only be overturned if there was a clear and prejudicial abuse of discretion." Gruttemeyer, 31 F.4th at 643 (quotation omitted). In a diversity case, we apply federal law to determine the admissibility of expert testimony. See Bradshaw v. FFE Transp. Servs., Inc., 715 F.3d 1104, 1107-08 (8th Cir. 2013).

A. Federal Rule 26(a)(2) Issues. Rule 26(a)(2) governs the disclosure of witnesses who may be used at trial to present expert testimony. For a witness retained or otherwise engaged to provide expert testimony in litigation, Rule 26(a)(2)(B) requires a disclosure accompanied by a written report, signed by the witness, providing prescribed, detailed information. On the other hand, for experts not required to file a written report, Rule 26(a)(2)(C), added in 2010, requires a

---

[5]The district court agreed with Friesen that Johnson's amended disclosures for the other treating physicians did not comply with Rule 26(a)(2)(C) and excluded their testimony under Rule 37(c)(1) because the failures to disclose were neither substantially justified nor harmless. Johnson appeals this ruling but we need not address the issue because summary judgment was based on the absence of causation testimony, and we are affirming the exclusion of Dr. Hess, Johnson's only expert witness on causation.

"considerably less extensive" summary disclosure of the opinions to be offered. See Rule 26 advisory committee note to 2010 amendment.

When Rule 26(a)(2) was added to Rule 26 in 1993, it did not include Rule 26(a)(2)(C). Addressing the written report requirement in Rule 26(a)(2)(B), the 1993 advisory committee note stated, "A treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." A treating physician is often called to offer an expert opinion on causation at trial, and that opinion "is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation." Brooks v. Union Pac. R.R. Co., 620 F.3d 896, 900 (8th Cir. 2010) (quotation omitted). This tension resulted in courts differing as to whether and when a treating physician witness must be disclosed and provide a written report under Rule 26(a)(2)(B). See Goodman, 644 F.3d at 824-26.

Rule 26(a)(2)(C) was added to address this tension, but it leaves unanswered the question whether a treating physician who will testify as an expert must be disclosed under Rule 26(a)(2)(B) or Rule 26(a)(2)(C). The 2010 advisory committee note simply explains that it was intended to require less extensive disclosures for expert witnesses *not* required to submit written reports under Rule 26(a)(2)(B). The answer, we conclude, does not turn on whether the treating physician expert was "retained" or "nonretained." Rather, we agree with the district court and the above-cited circuit court decisions "that a treating physicians who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." Meyers, 619 F.3d at 734-35, quoting Rule 26(a)(2)(B).

In this case, the summary judgment record reflects that Dr. Hess formed his causation opinion after Johnson's attorney wrote requesting Dr. Hess's causation

opinion and Dr. Hess spent several months reviewing Johnson's medical records and photographs of the accident the attorney sent him. The summary judgment record supports the district court's conclusion that Dr. Hess's letter "demonstrates that his causation opinion was not formed during his treatment of [Johnson]." Therefore, the district court did not abuse its wide discretion in determining that Dr. Hess was a prospective expert witness subject to the disclosure requirements of Rule 26(a)(2)(B) and excluding his testimony for Johnson's failure to comply with that Rule.

B. Nebraska Law Issues. Under Nebraska law, Johnson is required to present expert medical testimony to establish causation if the "symptoms from which personal injury may be inferred are subjective only." Miller v. Union Pac. R.R. Co., 526 F. Supp. 3d 494, 509 (D. Neb. 2021) (quotation omitted). Subjective injuries "are of such a character as to require skilled and professional persons to determine the cause and extent thereof." Id. (quotation omitted). Johnson's medical conditions include post-traumatic stress disorder, neck pain, and back pain, injuries considered subjective under Nebraska law because they "require skilled and professional persons to determine the cause and extent thereof." Eiting, 214 N.W.2d at 244; see Eno v. Watkins, 429 N.W.2d 371, 372-73 (Neb. 1988) ("severe physical pain" is subjective).

On appeal, though he argues the district court erred in granting summary judgment, Johnson does not argue the district court erred in concluding his injuries are subjective. Thus, he has waived this issue of Nebraska law. In any event, we agree with the district court that Johnson's injuries are subjective and therefore, as Dr. Hess's causation testimony was properly excluded, the court applying Nebraska substantive law properly granted Friesen summary judgment and denied Johnson's cross-motion for summary judgment.

The judgment of the district court is affirmed.

_____